FILED
CLERK, U.S. DISTRICT COURT

10/27/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KARYSSA BALLESTEROS and ROSA TOSCANO,<br><br>　　　　Defendants. | CR 2:20-cr-00523-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1029(b)(2): Conspiracy to Commit Access Device Fraud; 18 U.S.C. § 1029(a)(1): Use of Counterfeit Access Devices] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(b)(2)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

　　1.　TJX Companies, Inc. was the parent company of various retail stores, including TJ Maxx, Marshalls, and HomeGoods, which operated in Los Angeles County and elsewhere.

　　2.　TJX Companies, Inc. offered in-house gift cards that could be used at TJX Companies, Inc. retail stores.  Such gift cards could

be purchased at various retail stores and loaded with additional value through in-person transactions at TJ Maxx, Marshalls, and HomeGoods.

B. <u>OBJECT OF THE CONSPIRACY</u>

3. Beginning on an unknown date, but no later than on or about July 23, 2019, and continuing through at least on or about September 2, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants KARYSSA BALLESTEROS and ROSA TOSCANO, knowingly and with the intent to defraud, conspired with others known and unknown to the Grand Jury to use counterfeit access devices in transactions affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(1).

C. <u>THE MANNER AND MEANS OF THE CONSPIRACY</u>

4. The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

    a. Individuals would obtain gift cards offered by TJX Companies, Inc. for use at its retail stores.

    b. Individuals would alter gift cards by cloning specific account numbers from one gift card to a second gift card so that when the magnetic stripe of either gift card was scanned using a card reader, both gift cards accessed the same account number.

    c. Defendants BALLESTEROS and TOSCANO, and others known and unknown to the Grand Jury, would create or obtain multiple gift cards with identical account numbers, at least one of which had been altered by changing the corresponding account number.

    d. Defendants BALLESTEROS and TOSCANO, and others known and unknown to the Grand Jury, would enter various retail stores

owned by TJX Companies, Inc. in the Central District of California, and elsewhere.

   e. A first individual, either defendant BALLESTEROS, defendant TOSCANO, or others known or unknown to the Grand Jury, would collect various merchandise and begin the checkout process. During checkout, the first individual would present one of the gift cards ("Gift Card #1") to a sales associate and ask that a specific amount of funds be loaded onto Gift Card #1. In order to fulfill this request, TJX Companies, Inc. would use an interstate wire to transmit the records of the amounts to be loaded onto the gift card number in California to servers in Columbus, Ohio and Louisville, Kentucky. Such transmission would occur immediately upon request from a store, which meant that the funds immediately showed as available on the account even prior to payment for the requested reloaded amount.

   f. A second individual also in the store, either defendant BALLESTEROS, defendant TOSCANO, or others known or unknown to the Grand Jury, would possess the second gift card linked to the same account ("Gift Card #2") and proceed to checkout after the first individual had already requested that an amount be loaded onto Gift Card #1.

   g. The second individual, either defendant BALLESTEROS, defendant TOSCANO, or others known or unknown to the Grand Jury, would purchase merchandise using funds from Gift Card #2. Because Gift Card #1 and Gift Card #2 were coded with the same gift card numbers, when Gift Card #2 was scanned through the store's card reader, Gift Card #2 showed that the card had available funds

3

corresponding to the amount previously requested to be loaded onto Gift Card #1 by the first individual.

   h. Once the sale to the second individual was completed, the first individual, either defendant BALLESTEROS, defendant TOSCANO, or others known or unknown to the Grand Jury, would cancel the transaction in which the funds were loaded onto Gift Card #1.

 5. Through this scheme, defendants BALLESTEROS and TOSCANO, and others known and unknown to the Grand Jury, obtained a total of at least $46,900 in goods from TJX Companies, Inc. retail stores.

D. <u>OVERT ACTS</u>

 6. In furtherance of the conspiracy and to accomplish its object, defendants BALLESTEROS and TOSCANO, together with others known and unknown to the Grand Jury, on or about the dates set forth below, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

 <u>Overt Act No. 1</u>: On or about July 26, 2019, defendants BALLESTEROS and TOSCANO entered a Marshalls store in Pico Rivera, California.

 <u>Overt Act No. 2</u>: On or about July 26, 2019, defendant TOSCANO requested that $250 be loaded onto a Marshalls gift card that was linked to gift card account ending in 6818.

 <u>Overt Act No. 3</u>: On or about July 26, 2019, defendant BALLESTEROS purchased merchandise using a different Marshalls gift card that was also linked to gift card account ending in 6818.

 <u>Overt Act No. 4</u>: On or about July 26, 2019, after defendant BALLESTEROS completed the purchase using the second Marshalls gift card linked to gift card account ending in 6818, defendant TOSCANO

cancelled the request to load $250 onto the first Marshals gift card linked to gift card account ending in 6818.

Overt Act No. 5:   On or about August 10, 2019, defendants BALLESTEROS and TOSCANO entered a Marshalls store in Montebello, California.

Overt Act No. 6:   On or about August 10, 2019, defendant TOSCANO requested that $350 be loaded onto a Marshalls gift card that was linked to gift card account ending in 5013.

Overt Act No. 7:   On or about August 10, 2019, defendant BALLESTEROS purchased merchandise using a different Marshalls gift card that was also linked to gift card account ending in 5013.

Overt Act No. 8:   On or about August 10, 2019, after defendant BALLESTEROS completed the purchase using the second Marshalls gift card linked to gift card account ending in 5013, defendant TOSCANO cancelled the request to load $350 onto the first Marshals gift card linked to gift card account ending in 5013.

Overt Act No. 9:   On or about August 10, 2019, defendants BALLESTEROS and TOSCANO entered a HomeGoods store in Whittier, California.

Overt Act No. 10:   On or about August 10, 2019, defendant TOSCANO requested that $300 be loaded onto a HomeGoods gift card that was linked to gift card account ending in 2154.

Overt Act No. 11:   On or about August 10, 2019, defendant BALLESTEROS purchased merchandise using a different HomeGoods gift card that was also linked to gift card account ending in 2154.

Overt Act No. 12:   On or about August 10, 2019, after defendant BALLESTEROS completed the purchase using the second HomeGoods gift card linked to gift card account ending in 2154, defendant TOSCANO

cancelled the request to load $300 onto the first HomeGoods gift card linked to gift card account ending in 2154.

<u>Overt Act No. 13</u>:   On or about September 1, 2019, defendants BALLESTEROS and TOSCANO entered a Marshalls store in Pico Rivera, California.

<u>Overt Act No. 14</u>:   On or about September 1, 2019, defendant TOSCANO requested that $250 be loaded onto a Marshalls gift card that was linked to gift card account ending in 8611.

<u>Overt Act No. 15</u>:   On or about September 1, 2019, defendant BALLESTEROS purchased merchandise using a different Marshalls gift card that was also linked to gift card account ending in 8611.

<u>Overt Act No. 16</u>:   On or about September 1, 2019, after defendant BALLESTEROS completed the purchase using the second Marshalls gift card linked to gift card account ending in 8611, defendant TOSCANO cancelled the request to load $250 onto the first Marshals gift card linked to gift card account ending in 8611.

COUNTS TWO THROUGH FIVE

[18 U.S.C. §§ 1029(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about the following dates, in Los Angeles County, within the Central District of California, defendants KARYSSA BALLESTEROS and ROSA TOSCANO, each aiding and abetting the other, in transactions affecting interstate commerce, knowingly and with the intent to defraud, used counterfeit access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (2), namely, gift cards

///

///

///

issued by the TJX Companies, Inc. retail stores, but re-encoded with the following gift card numbers, to obtain access to funds in the following amounts:

| COUNT | DATE | LOCATION | GIFT CARD NUMBER | AMOUNT LOADED ONTO GIFT CARD |
|---|---|---|---|---|
| TWO | 07/26/2019 | Marshalls in Pico Rivera | Ending in 6818 | $250 |
| THREE | 08/10/2019 | Marshalls in Montebello | Ending in 5013 | $350 |
| FOUR | 08/10/2019 | Home Goods in Whittier | Ending in 2154 | $300 |
| FIVE | 09/01/2019 | Marshalls in Pico Rivera | Ending in 8611 | $250 |

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Acting Deputy Chief,
General Crimes Section

LUCY B. JENNINGS
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section